IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| BONNIE LOU PUGH, | ) | CASE NO. 09-32177-H3-7 |
| | ) | |
| Debtor | ) | |
| | ) | |

MEMORANDUM OPINION

The court heard the "Application For Waiver Of The Chapter 7 Filing Fee For Individuals Who Cannot Pay The Filing Fee In Full Or In Installments" (hereinafter referred to as Application For Waiver) (Docket No. 6) filed by Bonnie Lou Pugh, Debtor, appearing pro se.  After review of the pleadings, evidence, docket sheet and entire file in the above captioned matter, the court makes the following findings of fact and conclusions of law denying the Application without prejudice to paying the filing fee in installments.  To the extent that any findings of fact are deemed to be conclusions of law they are hereby adopted as such.  To the extent that any conclusions of law are deemed to be findings of fact they are hereby adopted as such.

Every bankruptcy petition must be accompanied by a filing fee unless the debtor qualifies for in forma pauperis status and the fee is waived.  Fed R. Bankr. P. 1006 and 28 USC § 1930(f). Failure to pay the filing fee is cause for dismissal of the case. 11 U.S.C. § 707(a)(2).  If a debtor is an individual unable to pay

the fee in one installment, the debtor can file an application for permission to pay the fee in multiple installments.  Official Form 3A.

28 USC § 1930(f) enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, provides that the bankruptcy court can waive filing fees in a Chapter 7 proceeding for an individual if the court determines that such individual has income less than 150% of the income official poverty line applicable to a family of the size involved and is unable to pay that fee in installments.  An official form was promulgated for the Application and Order.  Official Form 3B.  Section 1930(f) establishes a two part test to determine eligibility for a waiver of the chapter 7 bankruptcy case filing fee.  Debtor must establish both that her income is below 150% of the poverty line and that she is unable to pay the filing fee in installments.  The debtor bears the burden of proof by a preponderance of the evidence that the requirements of the fee waiver provision is satisfied.  *In re Burr*, 344 B.R. 234, 236 (Bankr. W.D.N.Y. 2006); *In re Nuttall*, 334 B. R. 921, 923 (Bankr. W.D.Mo. 2005).

The "Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005" (Interim Procedures) promulgated by the Judicial Conference of the United States provides guidance in implementing section 1930(f)(1).  The Interim Procedures interpret

the statutory expression "the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981)" to mean the poverty guidelines updated periodically in the Federal Register by the U.S. Department of Health and Human Services under the authority of 42 U.S.C.A. § 9902(2), rather than those issued by the Census Bureau.  Interim Procedures, Part II.A.2.

      The Interim Procedures provide that the court reviews a debtor's Schedule I (excluding noncash governmental assistance) to determine if the debtor's income is less than 150% of the poverty level and that the court reviews the totality of the circumstances in determining whether the debtor is able to pay filing fee in installments.  In calculating the debtor's income, "[t]he income of a spouse is included whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. The income of any other family member listed on Schedule I as a dependent also is included."  Interim Procedures, Part II.A.3 and Part II.A.5.

      On April 2, 2009, Debtor filed a pro se voluntary chapter 7 petition, Statement of Social Security Number, Creditor Mailing List, Certificate of Credit Counseling, Schedule J, "Current Expenditures of Individual Debtor(s)," and the instant Application for Waiver.  Docket Nos. 1-6.  Schedule I, "Current Income of

Individual Debtor(s)," was not filed at this time. The Application for Waiver reflects that Debtor's "Total Combined Monthly Income (Line 16 of Schedule I)" for a family of two is $3,097, which exceeds 150% of the 2009 poverty guideline for a family of two in Texas, which is $1,821.25. Debtor's initial and amended Schedule J reflect that Debtor's average monthly income is $1,011. Docket Nos. 5 and 18. Due to this discrepancy, the court set a hearing. Prior to the hearing's being held, Debtor filed Schedules A-I and the Statement of Financial Affairs. Docket No. 15. Schedule I, Lines 15 and 16 reflect that Debtor's average monthly income is $3,097.

Debtor appeared at the hearing, accompanied by her daughter, Sandy Williams. Sandy Williams announced to the court that she and her husband, Terrance Williams, assisted Debtor in preparing the documents for filing. Debtor testified that her income was $1,011 and that she is unable to pay the filing fee because she has no excess money. Sandy Williams informed the court that the monthly income figure of $3,097 resulted from including her father's income on the forms. Sandy Williams also advised the court that because Debtor, her mother, was filing an individual petition, Sandy Williams believed that her father's income was not to have been included on Debtor's forms.

In calculating the debtor's income, the income of a spouse is included whether or not a joint petition is filed, unless

the spouses are separated and a joint petition is not filed. Debtor lists her marital status as "married" on Schedule I. Docket No. 15. Thus, the Debtor's monthly income, including that of her spouse, is $3,097 and this figure should have been reflected as such on Schedules I, J, and the Application For Waiver. Debtor has failed to establish that her monthly income, $3097, is below 150% of the poverty line for a family of two in Texas, $1,821.25. Debtor does not qualify for a waiver of the filing fee on this basis.

Based upon the above findings and conclusions, the court will enter a Judgment in conjunction with this Memorandum Opinion denying the Application for Waiver without prejudice to Debtor's paying the filing fee in installments. If the Debtor fails to timely pay the filing fee in full or to timely make installment payments, the court may dismiss the Debtor's case.

Signed at Houston, Texas on this 1st day of June, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE